## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ATHENA KOSTOPOULOS, on behalf of herself and all Others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER and FRIEDMAN VARTOLO. LLP, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No. 2:25-CV-02859 (JKS) (JRA) |

---

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT FRIEDMAN VARTOLO'S MOTION TO DISMISS THE COMPLAINT

---

JONES WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

On the Memorandum:

    Joseph K. Jones, Esq.

## **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

TABLE OF AUTHORITIES............................................................................. ii-iv

PRELIMINARY STATEMENT and RELEVANT FACTS………………….  1

ARGUMENT..................................................................................................  9

    I.     THIS COURT SHOULD DENY DEFENDANT FRIEDMAN
           VARTOLO'S MOTION TO DISMISS THE COMPLAINT,
           PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
           12(b)(6), BECAUSE PLAINTIFF HAS ASSERTED
           PLAUSIBLE AND VALID CLAIMS UNDER THE FAIR
           DEBT COLLECTION PRACTICES ACT (FDCPA),
           15 U.S.C. §1692, *et seq.*, UPON WHICH RELIEF MAY BE
           GRANTED……………………………………………………………  9

           A. The Standard Of Review On A Motion To Dismiss A
              Complaint Pursuant To Fed. R. Civ. P. 12(b)(6)……………  9

           B. Plaintiff Has Sufficiently Pled Allegations Which Set Forth
              Viable And Plausible Causes Of Action Against The
              Defendant Debt Collector, Friedman Vartolo, Based Upon
              Her Contention That Defendant, In Connection With Its
              Attempt To Collect The Debt Here, Made False
              Representations About The Character And Legal Status Of
              The Debt, And Threatened To Take Legal Action That
              Could Not Be Legally Taken, In Violation Of §1692e(2)(A),
              §1692e(5) And §1692e(10) Of The FDCPA…………………  12

           C. Neither The Rooker Feldman Doctrine Nor The Entire
              Controversy Doctrine Bar Plaintiff's FDCPA Claims
              Herein……………………………………………………………...  20

           D. Plaintiff Has Asserted Sufficient Facts Regarding Fed . R.
              Civ. P. 23's Requirements For Maintaining A Class Action
              Lawsuit In Order To Survive A Motion To Dismiss…………  25

           E. Based Upon Plaintiff's Plausible and Valid FDCPA Claims

As Set Forth In This Matter, Defendant's Request For Rule 11
Sanctions Is Meritless, And Should Be Denied In Its
Entirety…………………………………………………..    27

CONCLUSION...................................................................................    28

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                      **<u>Page</u>**

*Ashcroft v* Iqbal, 556 U.S. 662 (2009)……………………………………………11-12

*Bank Leumi USA v Kloss*, 243 N.J. 218 (2020)…………………………………..  23

*Barbato v Greystone Alliance, LLC*, 916 F.3d 260, 265 (3rd Cir. 2019)………   13

*Deutsch v D&A Servs. LLC*, 2023 U.S. App. LEXIS 9161
(3rd Cir. 2023)……………………………………………………………………..  13

*Doe v Univ. of Scis.*, 961 F.3d 203 (3rd Cir. 2020)……………………………..   11

*Dotson v Nationwide Credit, Inc.*, 828 Fed.Appx. 150 (3rd Cir. 2020)…………  13

*Duzanson-Baptiste v Bank of Am. Corp.*, 2024 U,S. Dist. LEXIS 7912
(USDC D.N.J. 2024)………………………………………………………………   26

*Ennis v Shapiro & Denardo, LLC*, 2012 U.S. Dist. LEXIS 220305
(USDC D.N.J. 2012)………………………………………………………………  16-18

*Exxon Mobil Corp. v Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)………   21

*Gottesman v Virtuoso Souring Grp., LLC*, 400 F.Supp.3d 81
(3rd Cir. 2019)……………………………………………………………………   10

*Grooms v Ally Fin.*, 2023 U.S. App. LEXIS 31517 (3rd Cir. 2023)……………   13

*Hutchins v Teamsters W. Region & Loc. 177 Healthcare Plan*,
2023 U.S. Dist. LEXIS 62289 (USDC D.N.J. 2023)……………………………… 11

*Kennedy v Esq Cap. III, LLC*, 2024 U.S. Dist. LEXIS 74012
(USDC D.N.J. 2024)……………………………………………………………… 27

*Lloyd v Pluese, Becker & Saltzman*, 2019 U.S. Dist. LEXIS 199214
(USDC D.N.J. 2019)…………………….…………………………….........16,18,19

*Louis v Deshmukh*, 2022 U.S. Dist. 133311 (USDC D.N.J. 2022)………. 24-25,28

*Marx v Gen Revenue Corp.*, 133 S.Ct. 1166 (2013)……………………………   12

*Matson v SCO, Silver Care Operations, LLC*, 2018 U.S. Dist. 29373
(USDC D.N.J. 2018)…………………………………………………… 26-27

*McCoy v Samsung Elecs. Am., Inc.*, 2023 U.S. Dist. LEXIS 167150
(USDC D.N.J. 2023)……………………………………………………   10

*Metro. Life Ins. Co. v Kalenevitch*, 502 Fed.Appx. 123 (3rd Cir. 2012)………..   28

*Mortgage v Kostopoilos*, 2023 N.J. Super. Unpub. LEXIS 1890
(App. Div. 2023)……………………………………………………….   22

*Nationstar Mortgage, LLC v Kostopoulos*, 2019 N.J. Super. Unpub.
LEXIS 1932 (App. Div. 2019)…………………………………………   1-4

*Peralta v Ragan*, 2022 U.S. Dist. LEXIS 234300 (USDC D.N.J. 2022)………..   13

*Phillips v County of Allegheny*, 515 F.3d 224 (3rd Cir. 2008)…………………… 10

*Pinkney v Meadville*, 2022 U.S. App. LEXIS 13824 (3rd Cir. 2022)……………. 11

*Rapoport v Caliber Home Loans, Inc.*, 617 F.Supp.3d 241
(USDC D.N.J. 2022)…………………………………………………..   14

*Rindos v Partners Grp. (USA), Inc.*, 2023 U.S. Dist. LEXIS 152102
(USDC D.N.J. 2023)……………………………………………………   11

*Riotto v Fay Servicing, LLC*, 740 F.Supp.3d 400 (USDC D.N.J. 2024)………21-23

*Rotkiske v Klemm*, 140 S.Ct. 355 (2019)………………………………... 12-13

*Sadler v Target Corp.*, 2025 U.S. Dist. LEXIS 16615
(USDC D.N.J. 2025)…………………………………………………..   26

*Saldana v Resurgent Capital Servs., LP*, 2021 U.S. Dist. LEXIS 160759
(USDC D.N.J. 2021)……………………………………………………   12

*Snowdy v Mercedes Benz USA, LLC*, 2024 U.S. Dist. LEXIS 59302
(USDC D.N.J. 2024)……………………………………………………   11

*Talley v Horn*, 2025 U.S. App. LEXIS 7104 [3rd Cir. 2025)…………………..  21

*Thomas v Youderian*, 232 F.Supp.3d 656 (USDC D.N.J. 2017)………………… 13

*Tiene v Drexel Univ.*, 816 Fed.Appx. 707 (3rd Cir. 2020)……………………….. 14

*VW Credit, Inc. v Twp. of Englewood*, 2024 U.S. Dist. LEXIS 98419
(USDC D.N.J. 2024)…………………………………………………………….. 11

*Wealth v Fox Rothschild, LLP*, 2024 U.S. Dist. LEXIS 121784
(USDC D.N.J. 2024)…………………………………………………………….. 10

*Xuhai Li v Yun Zhang*, 2023 U.S. Dist. LEXIS 220712
(USDC D.N.J. 2023)……………………………………………………………  27

*Zia Hassan Shaikh v New Jersey*, 2025 U.S. Dist. LEXIS 81882
(USDC D.N.J. 2025)……………………………………………………………  28

## **Statutes**

15 U.S.C. §1641(f)………………………………………………………………   2

15 U.S.C. §1692 *et seq.,* the Fair Debt Collection Practices Act
(FDCPA)………………………………………………………………………… passim

15 U.S.C. §1692a(6)……………………………………………………………..   13,15

15 U.S.C. §1692e………………………………………………………………... 9,12,17

15 U.S.C. §1692e(2)(A)………………………………………………………… passim

15 U.S.C. §1692e(5)…………………………………………………………… passim

15 U.S.C. §1692e(10)…………………………………………………………… passim

Fed. R. Civ. P. 11……………………………………………………………… 27-28

Fed. R. Civ. P. 12(b)(6)................................................................. passim

Fed, R. Civ. P. 23…………………………………………………………….....  25-26

## PRELIMINARY STATEMENT and RELEVANT FACTS

Plaintiff, Athena Kostopoulos, submits this memorandum of law in opposition to defendant, Friedman Vartolo, LLP's ("Friedman Vartolo") motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's causes of action are based on defendant's violations of various sections of 15 U.S.C. §1692e of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, *et. seq.* in connection with its attempt to collect a debt from plaintiff.

Plaintiff Kostopoulos signed a promissory note for a residential mortgage loan from Lehman Brothers Bank FSB ("Lehman Brothers") on September 16, 2003 in the amount of $564,000 (*see* Complaint, ¶23). On the same date, plaintiff Kostopoulos and her husband executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Lehman Brothers, covering the subject premises (*see Nationstar Mortgage, LLC v Kostopoulos*, 2019 N.J. Super. Unpub. LEXIS 1932 [App. Div. 2019]). On November 28, 2003, Lehman Brothers and its affiliates securitized the Kostopoulos' note, mortgage, title insurance policy and bundle of rights thereby ("Mortgage Loan") into the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2003-35 ("SASCO") (*see* Complaint, ¶30). Initially, Citibank, N.A., was appointed as trustee and Aurora Loan Services LLC was designated both master

servicer and servicer for SASCO (*see* Complaint, ¶31). On July 1, 2004, Citibank, N.A. resigned, with Wilmington Trust Company succeeding thereto, and on the same date, Aurora Loan Services, LLC transferred the day-to-day administration of the mortgage loans to CitiMortgage, Inc. (*see* Complaint, ¶31). In July 2006, plaintiff Kostopoulos and her husband defaulted on their mortgage loan (*see Nationstar Mortgage, LLC v Kostopoulos*, 2019 N.J. Super. Unpub. LEXIS 1932 [App. Div. 2019]).

On December 10, 2010, MERS, as nominee for Lehman Brothers, assigned the plaintiff's mortgage to CitiMortgage, Inc. as an administrative convenience for servicing purposes pursuant to 15 U.S.C. §1641(f) (Assignment #1) (*see* Complaint ¶33). It should be noted that twelve assignments of plaintiff's mortgage were filed for record with the Bergen County Clerk's Office, two assignments were prepared, executed and delivered to the assignee but were not recorded and there is mortgage asset purchase agreement dated July 14, 2020 that plaintiff's mortgage to a debt buyer that is not a matter of public record (*see* Complaint, fn.1).

Effective July 2, 2012, Nationstar Mortgage, LLC acquired all of the servicing rights owned by Aurora Bank FSB and its wholly owned subsidiary, Aurora Loan Services, LLC (*see* Complaint, ¶34). As such, Nationstar Mortgage, LLC became the master servicer of SASCO, while CitiMortgage, Inc. continued

to service plaintiff's mortgage loan on a day-to-day basis (*see* Complaint, ₧34). At the time Nationstar Mortgage, LLC succeeded Aurora Loan Services, LLC as master server, plaintiff's Mortgage Loan had been in a continuous state of default for the previous six years, primarily due to a dispute between the parties over certain mortgage servicing abuses (*see* Complaint, ₧35).

On February 28, 2014, CitiMortgage, Inc. assigned plaintiff's mortgage to Wilmington Trust Company as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2003-35 ("Wilmington Trust Company") because it was planning to institute a foreclosure action in the name of the real party in interest (Assignment #2) (*see* Complaint, ₧36). On January 20, 2015, a complaint in foreclosure was filed by Fein, Such Kahn and Shepard, PC on behalf of Wilmington Trust Company in the Superior Court of New Jersey, Chancery Division, Bergen County against plaintiff Kostopoulos and her husband (*see* Complaint, ₧37). The Wilmington Trust Company subsequently moved for summary judgment and on December 10, 2015, the Wilmington Trust Company was granted summary judgment against the Kostopoulos debtors and the matter was referred to the Superior Court's Office of Foreclosure for further processing (*see Nationstar Mortgage, LLC v Kostopoulos*, 2019 N.J. Super. Unpub. LEXIS 1932 [App. Div. 2019]).

On August 1, 2017, CitiMortgage, Inc. transferred the right to service

plaintiff's mortgage to Nationstar Mortgage, Inc. (*see* Complaint, ¶38). On August 21, 2017, Tim Jackson, acting in his alleged capacity as Assistant Secretary of Nationstar Mortgage LLC as Attorney in Fact for Wilmington Trust Company ("Assignor"), executed a corporate assignment of mortgage which purported to transfer the plaintiff's mortgage – but not the note – to Nationstar Mortgage, LLC ("Assignee") (Assignment #4) (*see* Complaint, ¶39). Notwithstanding this assignment, Wilmington Trust Company remained the owner of plaintiff's mortgage loan, and on October 16, 2017, the Superior Court of New Jersey, Chancery Division, Bergen County granted Wilmington Trust Company's motion to substitute Nationstar Mortgage LLC into the state foreclosure action (*see* Complaint, ¶¶39-41; *see Nationstar Mortgage, LLC v Kostopoulos*, 2019 N.J. Super. Unpub. LEXIS 1932 [App. Div. 2019]). On May 21, 2018, Nationstar Mortgage LLC moved for final judgment and on June 22, 2018, the court granted final judgment in foreclosure to Nationstar Mortgage LLC for $1,063,755.67 plus contract interest of 6% on $681,931.44, the principal sum in default, and lawful interest after said order (*see* Complaint, ¶42-43).

On or about November 25, 2019, Nationstar Mortgage LLC, in its capacity as master servicer SASCO, dissolved SASCO and sold the remaining assets – including the Kostopoulos' Mortgage Loan – to US Bank National Association, not in its individual capacity but solely as Trustee for NRZ Pass-Through Trust

VIII ("US Bank") (*see* Complaint, ¶44). On March 5, 2020, Wilmington Trust Company, as Trustee of SASCO, memorialized this transfer and executed an assignment of mortgage in favor of US Bank ("Assignment #6") (*see* Complaint ¶45). Assignment #6 was filed with the Bergen County Clerk's Office on March 10, 2020, Book 3540, Page 619 (*see* Complaint, ¶45).

On April 26, 2021, MTGLQ Investors L.P. ("MTGLQ"), a subsidiary of Goldman Sachs, sent plaintiff Kostopoulos a notice informing her that MTGLQ had acquired her Mortgage Loan effective March 30, 2021 (*see* said notice attached to the Complaint as Exhibit A). This transfer was not a matter of public record until March 21, 2023 when US Bank recorded an assignment of mortgage in favor of MTGLQ with the Bergen County Clerk's Office ("Assignment #12") (*see* Complaint, fn.2). The April 26, 2021 MTGLQ notice also advised plaintiff Kostopoulos that defendant herein, Nationstar Mortgage LLC d/b/a Mr. Cooper, was the servicer of her loan until May 5, 2021, and that thereafter, her new loan servicer would be Selene Finance LP (*see* said notice attached to the Complaint as Exhibit A). Accordingly, as of May 5, 2021, defendant Nationstar Mortgage LLC d/b/a Mr. Cooper's involvement with plaintiff's note, mortgage, Mortgage Loan Account, final judgement of foreclosure and property was extinguished, and said defendant no longer had any legal interest in, or authority over, plaintiff's Mortgage Loan Account (*see* Complaint, ¶48). In March, May and December

2022, defendant Nationstar Mortgage LLC d/b/a Mr. Cooper filed corrective or "gap" assignments of mortgage with the Bergen County Clerk's Office to fix certain breaks in the chain of title created by erroneous assignments of the plaintiff's mortgage for record in 2014, 2017 and 2018 (*see* Complaint, ⁋49). On March 21, 2023, MTGLQ assigned its interest in plaintiff's mortgage to Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VI-A ("Wilmington Savings") ("Assignment #14) (*see* Complaint, ⁋51).

On June 6, 2024, defendant Friedman Vartolo was purportedly representing defendant Nationstar Mortgage LLC d/b/a Mr. Cooper when it filed a Pluries Writ of Execution in connection with an attempted sheriff's sale of plaintiff's mortgaged property (*see* Complaint, ⁋53). However, defendant Friedman Vartolo knew or should have known that that defendant Nationstar's roles as master servicer and servicer of plaintiff's Mortgage Loan Account had been terminated three years earlier on May 5, 2021, as noted above, and thus defendant Nationstar had no legal interest or authority over plaintiff's Mortgage Loan Account (*see* Complaint, ⁋ 53). In support of the application for the Pluries Writ of Execution, David Kirsch, Esq, of defendant Friedman Vartolo submitted a Certification and offered three (3) assignments of mortgage – the last of which was dated August 21, 2017 – that purported to transfer the plaintiff's mortgage, but not the Note, to

defendant Nationstar (*see* Complaint, ¶55). However, attorney Kirsch chose to tell only part of the story to the state court, submitting only three (3) of the twelve (12) assignments on file with the Bergen County Clerk's Office and intentionally omitting nine (9) adverse assignments that ultimately extinguished defendant Nationstar's involvement with plaintiff's note, mortgage, Mortgage Loan Account, final judgment of foreclosure and property as of May 5, 2021 (*see* Complaint, ¶56). Attorney Kirsch's deliberate omission misled the state court into believing that defendant Nationstar retained enforceable rights when, in fact, those rights had long since been transferred to other entities (*see* Complaint, ¶57). Given the fact that defendant Nationstar never owned plaintiff's Mortgage Loan, and no longer had any right, interest or involvement in servicing the Mortgage Loan, defendant Nationstar Mortgage LLS d/b/a lacked standing to seek the Pluries Writ of Execution issued on June 11, 2024 (*see* Complaint, ¶¶58-59). Based upon the certification of attorney Kirsch, a sheriff sale of plaintiff's mortgaged property was scheduled for August 23, 2024, however, said sale was adjourned upon plaintiff's payment of $28.00 to the Office of the Sheriff, Bergen County (*see* Complaint, ¶¶61-62).

On April 18, 2025, plaintiff, Athena Kostopoulos, filed her Complaint in this matter in the United States District Court for the District of New Jersey, seeking damages as well as declaratory relief arising from defendants

Nationstar's and Friedman Vartolo's multiple violations of the FDCPA, which prohibits debt collectors from using false, deceptive, or misleading representations or means in connection with the collection of a debt. More specifically, plaintiff Kostopoulos alleges that both defendants acted as debt collectors (*see* Complaint, ¶¶8-14) and violated Section 1692e(2)(A) of the FDCPA, by falsely representing the character and legal status of plaintiff's mortgage when they filed for the Pluries Writ of Execution in order to sell plaintiff's residence at a sheriff's sale (*see* Complaint ¶¶73-74). More specifically, attorney Kirsch submitted a Certification in Support of the Pluries Writ of Execution which knowingly and intentionally concealed material facts that evidenced the transfer of servicing and ownership rights to other entities, thus falsely portraying defendant Nationstar as a creditor in interest, which it was not, and that it had the right to foreclose, which it did not (*see* Complaint ¶¶75,78-79). Plaintiff Kostopoulos also alleges that the defendants violated Section 1692e(5) of the FDCPA because defendant Nationstar threatened to complete the foreclosure process by taking plaintiff's residence to a sheriff's sale when it had no interest in the debt, no servicing rights and no authority to act on behalf of the current owner of the debt, and thus could not have legally taken the action to liquidate plaintiff's property (*see* Complaint, ¶¶83-85). Plaintiff Kostopoulos further alleged that the defendants violated Section 1692e(10) of the FDCPA by falsely representing that defendant

Nationstar was the owner of the mortgage on June 6, 2024, when in fact MTGLQ extinguished defendant Nationstar's involvement with plaintiff's note, mortgage, Mortgage Loan Account, Final Judgment of Foreclosure and property three years earlier on May 5, 2021. Attorney Kirsch further violated Section 1692e(10) when he submitted a Certification in support of the Pluries Writ of Execution in which he knowingly failed to inform the state court that defendant Nationstar no longer had any right or interest in the debt as of May 5, 2021 (*see* Complaint, ¶¶88-90).

On May 28, 2025, defendant Friedman Vartolo filed the instant Rule 12(b)(6) motion to dismiss the Complaint for failure to state a claim upon which relief can be granted, and included as part of its motion to dismiss a request for Rule 11 sanctions. For the reasons set forth more fully below, plaintiff, Athena Kostopoulos respectfully submits that her Complaint in this matter sets forth viable and plausible claims for relief against defendant debt collectors, Nationstar and Friedman Vartolo, based upon their violations of various sections of 15 U.S.C. §1692e of the FDCPA, arising out of its attempt to collect a debt from her. As such, this Court should deny in its entirety defendant's Rule 12(b)(6) motion to dismiss the complaint and its Rule 11 request for sanctions.

## ARGUMENT

**I.    THIS COURT SHOULD DENY DEFENDANT FRIEDMAN VARTOLO'S MOTION TO DISMISS THE COMPLAINT**

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) BECAUSE PLAINTIFF HAS ASSERTED PLAUSIBLE AND VALID CLAIMS UNDER THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 *et seq.*, UPON WHICH RELIEF MAY BE GRANTED**

### A. The Standard Of Review On A Motion To Dismiss A Complaint, Pursuant To Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint if it fails to state a claim, however, it is the defendant who bears the burden to show that no claim has been presented (*see McCoy v Samsung Elecs. Am., Inc.*, 2023 U.S Dist. LEXIS 167150 [USDC D.N.J. 2023]). A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted does not attack the merits of the action, but rather tests the legal sufficiency of the complaint (*see Gottesman v Virtuoso Souring Grp., LLC*, 400 F.Supp3d 81, 86 [USDC D.N.J. 2019]). Put another way, on a Rule 12(b)(6) motion, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits (*see Phillips v County of Allegheny*, 515 F.3d 224, 231 [3rd Cir. 2008]).

When considering a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations in the complaint as true, and draw all reasonable references in favor of the plaintiff (*see Wealth v Fox Rothschild, LLP*, 2024 U.S. Dist. LEXIS 121784 [USDC D.N.J. 2024]. When making this determination, a court generally considers only the allegations contained in the complaint, exhibits

10

attached to the complaint and matters of public record (*see Doe v Univ. of the Scis.,* 961 F.3d 203, 208 [3rd Cir. 2020]). A court may look beyond the pleadings on a Rule 12(b)(6) motion to dismiss and can also consider documents integral to or explicitly relied upon in the complaint, or any undisputedly authentic documents that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on said documents (*see Pinkney v* Meadville, 2022 U.S. App. LEXIS 13824 [3rd Cir. 2022]; *Rindos v Partners Grp. (USA), Inc.*, 2023 U.S. Dist.. LEXIS 152102 [USDC D.N.J. 2023]; *Hutchins v Teamsters W. Region & Loc. 177 Healthcare* Plan, 2023 U.S. Dist. LEXIS 62289 [USDC D.N.J. 2023]).

The touchstone of the pleading standard is plausibility, and a complaint will survive a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face (*see Ashcroft v Iqbal*, 556 U.S. 662, 678 [2009]; *see also VW Credit, Inc. v Twp. of Englewood*, 2024 U.S. Dist. LEXIS 98419 [USDC D.N.J. 2024]). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (*Ashcroft v Iqbal* 556 U.S. at 678; *see also Snowdy v Mercedes-Benz USA, LLC*, 2024 U.S. Dist. LEXIS 59302 [USDC D.N.J. 2024]). Lastly, it should be noted that determining whether a complaint states a plausible claim for relief will be a content-specific task that requires a reviewing court to draw on its judicial

experience and common sense (*see Ashcroft v Iqbal*, 556 U.S. at 678; *Saldana v Resurgent Capital Servs.,* LP, 2021 U.S. Dist. LEXIS 160759 [USDC D.N.J. 2021]).

> **B. Plaintiff Has Sufficiently Pled Allegations Which Set Forth Viable And Plausible Causes Of Action Against The Defendant Debt Collector, Friedman Vartolo, Based Upon Her Contentions That Defendant, In Connection With Its Attempt To Collect The Debt Here, Made False Representations About The Character And Legal Status Of The Debt, And Threatened To Take Legal Action That Could Not Be Legally Taken, In Violation Of §1692e(2)(A), §1692e(5) And §1692e(10) Of The FDCPA**

"In 1977, Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.' §1692(e). The FDCPA pursues these stated purposes by imposing affirmative requirements on debt collectors and prohibiting a range of debt-collection practices" (*see Rotkiske v* Klemm, 140 S.Ct. 355, 358 [2019]; *see also Marx v Gen Revenue Corp.*, 133 S.Ct. 1166, 1171, n.1 [2013] [the FDCPA is a consumer protection statute that prohibits certain abusive, deceptive and unfair debt collection practices]). The FDCPA also authorizes private civil actions against debt collectors who engage in certain prohibited practices (*see Rotkiske v Klemm*, 140 S.Ct. at 358).

"To state a claim under the FDCPA, a plaintiff must allege that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as defined by the FDCPA, and (4) the defendant has violated a provision of the FDCPA in attempting to collect a debt" (*Grooms v Ally Fin.*, 2023 U.S. App. LEXIS 31517 [3rd Cir. 2023], *see also Peralta v Ragan,* 2022 U.S. Dist. LEXIS 234300 [USDC D.N.J. 2022]). When the second factor is contested, courts look to the definition of a debt collector as set forth in 15 U.S.C. §1692a(6) of the FDCPA (*see Barbato v Greystone Alliance, LLC*, 916 F.3d 260, 265 [3rd Cir. 2019]). When the fourth factor is at issue, "[w]hat must be determined is whether [plaintiff] has plausibly alleged that defendant's debt collection efforts violated some provisions of the FDCPA" (*Thomas v Youderian*, 232 F.Supp3d 656, 671 [USDC D.N.J. 2017]).

Because the FDCPA is a remedial statute, the Third Circuit Court of Appeals construes its language broadly, so as to effect its purpose (*see Dotson v Nationwide Credit, Inc.*, 828 Fed. Appx. 150, 152 [3rd Cir. 2020]). "In determining whether a debt collection communication is false, deceptive or misleading, in violation of the FDCPA, we 'analyze[] [the communication] from the prospective of the least sophisticated debtor' (citation omitted)" (*Deutsch v D&A Servs. LLC*, 2023 U.S. App. LEXIS 9161 [3rd Cir. 2023]). For a false statement to be actionable under the FDCPA, it has to have the potential to affect the decision-

making process of the least sophisticated debtor (*see Tiene v Drexel Univ.*, 816 Fed. Appx. 707, 708 [3rd Cir. 2020]; *see also Rapaport v Caliber Home Loans, Inc.*, 617 F.Supp.3d 241, 248-249 [USDC D.N.J. 2022]). In other words, it must be material when viewed through the least sophisticated debtor's eyes (*see Tiene v Drexel Univ.*, 816 Fed.Appx. at 708).

When this Court reviews defendant Friedman Vartolo's motion to dismiss the Complaint here, as well as plaintiff Kostopoulos' opposition thereto, when it accepts all factual allegations in the Complaint as true, when it draws all reasonable inferences in favor of plaintiff Kostopoulos, when it construes the language of the FDCPA broadly, and when it analyzes Ms. Kostopoulos' FDCPA claims from the prospective of the least sophisticated debtor, as it is required to do, Ms. Kostopoulos submits that this Court should find that she has alleged sufficient facts to set forth plausible and valid claims for relief, based upon Friedman Vartolo's violations of §1692e(2)(A), §1692e(5) and §1692e(10) of the FDCPA, in connection with its attempt to collect her debt.

Initially, it should be noted that contrary to defendant Friedman Vartolo's contention that it is not a debt collector for the purposes of the FDCPA, and that plaintiff Kostopoulos has not shown that it (Friedman Vartolo) was employed to collect a debt in foreclosure (*see* Defendant Friedman Vartolo's Memorandum of Law in Support, Pp.13,15), both plaintiff's assertions in her Complaint and

defendant's actions in this matter say otherwise.

Plaintiff Kostopoulos directs this Court's attention to her detailed assertions in the Complaint, which establish that defendant Friedman Vartolo is, in fact, a debt collector. Plaintiff Kostopoulos maintains that defendant Friedman Vartolo is a debt collector as that term is defined by 15 U.S.C. §1692a(6) (*see* Complaint, ¶14). 15 U.S.C. §1692a(6) states, in pertinent part, that "[t]he term 'debt collector' means any person who uses any instrumentality of the interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Plaintiff Kostopoulos also maintains that defendant Friedman Vartolo uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debts and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another (*see* Complaint, ¶12). Plaintiff Kostopoulos goes on to state that defendant Friedman Vartolo's conduct in this matter included its false representation of the character and legal status of plaintiff's mortgage when it filed a Pluries Writ of Execution on behalf of defendant Nationstar Mortgage LLC d/b/a Mr. Cooper in connection with the attempted sheriff's sale of plaintiff's mortgaged property (*see* Complaint, ¶¶73-74). More specifically, attorney Kirsch submitted a Certification in Support of the Pluries Writ of Execution which

15

knowingly and intentionally concealed material facts that evidenced the transfer of the servicing and the ownership rights to plaintiff's mortgage to other entities, thus falsely portraying defendant Nationstar as a creditor in interest with a right to foreclose (*see* Complaint, ¶¶75,78-79). Plaintiff Kostopoulos further maintains that defendants threatened to complete the foreclosure process by taking plaintiff's residence to a sheriff's sale when defendant Nationstar had no interest in the debt, no servicing rights and no authority to act on behalf of the current owner of the debt, and thus defendants could not have legally taken the action to liquidate plaintiff's property (*see* Complaint, ¶¶83-85).

Based upon the foregoing, plaintiff Kostopoulos' detailed factual allegations, which are assumed to be true, and with all reasonable inferences to be drawn in her favor on this Rule 12(b)(6) motion to dismiss, establish that defendant Friedman Vartolo, in its representation of defendant Nationstar in the attempt to complete the foreclosure process ,was acting as a debt collector as that term is defined by 15 U.S.C. §1692a(6) (*see Ennis v Shapiro & Denardo, LLC*, 2012 U.S. Dist. LEXIS 220305 [USDC D.N.J. 2021] [district courts have treated law firms that are in the business of foreclosures as debt collectors under the FDCPA]; *Lloyd v Pluese, Becker & Saltzman*, 2019 U.S. Dist. LEXIS 199214 [USDC D.N.J. 2019] [a law firm representing plaintiff's mortgage lender in a judicial foreclosure proceeding was a debt collector under the FDCPA]).

In addition to plaintiff Kostopoulos establishing that defendant Friedman Vartolo is a debt collector, Ms. Kostopoulos demonstrates below that Friedman Vartolo violated various provisions of the FDCPA, and therefore, she has sufficiently plead allegations which set forth viable and plausible causes of action against Friedman Vartolo in connection with its attempt to collect Ms. Kostopoulos' debt here.

Regarding the FDCPA provisions at issue here, it should be noted that a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt (*see* 15 U.S.C. §1692e). Prohibited conduct includes the false representation of the character, amount or legal status of any debt (*see* 15 U.S.C. §1692e[2][A]), the threat to take any action that cannot legally be taken or that is not intended to be taken (*see* 15 U.S.C. §1692e[5]) or the use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer (*see* 15 U.S.C. §1692e[10]).

Plaintiff Kostopoulos' assertions in her Complaint that defendant Friedman Vartolo violated §1692e(2)(A) by filing papers in connection with the foreclosure action (*i.e.,* the Pluries Writ of Execution) that contained false representations about the character and amount of the debt, that threatened to take any action that could not legally be taken in violation of §1692e(5) (*i.e.,* attempting to force the

17

sale of plaintiff's home in foreclosure when defendant Nationstar had no legal authority to do so) and using false representations to attempt to collect plaintiff's debt in violation of §1692e(10) (*i.e.,* submitting an attorney's Certification that omitted the truth about defendant Nationstar having no right or interest in plaintiff's mortgage at the time the Certification was filed) were sufficient to set forth valid and plausible claims for relief and thus overcome a Rule 12(b)(6) motion to dismiss find support in two New Jersey District Court cases.

In *Lloyd v Pluese, Becker & Saltzman, LLC*, 2019 U.S. Dist. LEXIS 199214 (USDC D.N.J. 2019), defendant law firm represented plaintiff's mortgage lender and filed a motion to reinstate a state foreclosure action. Plaintiff Lloyd alleged that defendant law firm violated Sections 1692e(2)(A), 1692e(5) and 1692e(10) of the FDCPA when it filed a motion to dismiss the administratively dismissed foreclosure action because it knew that a condition precedent for foreclosure had not occurred, and thus foreclosure was legally precluded. The District Court determined that defendant law firm was a debt collector, as defined in the FDCPA, in the context of a judicial foreclosure proceeding and denied defendant's motion to dismiss plaintiff Lloyd's FDCPA claims.

In *Ennis v Shapiro & Denardo, LLC*, 2012 U.S. Dist. LEXIS 220305 (USDC D.N.J. 2021), plaintiff Ennis defaulted on her mortgage and Wells Fargo placed the mortgage debt for collection and transferred it to defendant law firm,

which subsequently filed a foreclosure action in state court. When plaintiff failed to answer, defendant law firm requested a default, but the state court never entered default. Thereafter, defendant sent plaintiff a motion for final judgment, along with certifications for proof of amount due and for accuracy of foreclosure documents and factual assertions. However, defendant's motion papers stated an incorrect amount due and defendant law firm never filed said motion in state court. Plaintiff Ennis' FDCPA claims included violations of Sections 1692e(2)(A), 1692e(5) and 1692e(10). The District Court construed the FDCPA as applicable to defendant law firm as a debt collector, and construed the mortgage to be a debt, noting that defendant law firm sought to collect monies due on a mortgage and pursued a judicial foreclosure. The District Court denied defendant law firm's motion to dismiss, finding that defendant stating the incorrect amount of the debt violated Sections 1692e(2)(A) and 1692e(10) of the FDCPA. The District Court also determined that defendant law firm mailing a motion for final judgment to plaintiff Ennis - without having met the procedural requirements to procure a final judgment and without actually filing the motion – suggested legal action with no intent for such action in violation of Section 1692e(5) of the FDCPA.

When one applies the analysis and reasoning set forth in both *Lloyd, supra*, and *Ennis, supra*, to the case at bar, plaintiff Kostopoulos has set forth valid and plausible claims for relief at this stage of the litigation in that defendant Friedman

Vartolo's false representations in its state court filings about defendant Nationstar, which had no right, interest or involvement in plaintiff's mortgage at the time the Pluries Writ of Execution was filed and thus could not have legally taken action to liquidate plaintiff's property, violated §1692e(2)(A), §1692e(5) and §1692e(10) of the FDCPA misled and deceived her into thinking that defendant Nationstar could still legally enforce her debt.

### C. Neither The Rooker Feldman Doctrine Nor The Entire Controversy Doctrine Bar Plaintiff's FDCPA Claims Herein

Defendant Friedman Vartolo contends that plaintiff's claims are barred by the Rooker Feldman doctrine because "the State Chancery repeatedly ruled on all issues raised in the Complaint, including the Defendant's right to continue the Foreclosure in Nationstar's name (citing to an April 3, 2023 Superior Court of New Jersey Appellate Division decision) [and] Plaintiff now seeks to relitigate those findings in this Court" (*see* Friedman Vartolo's Memorandum of Law in Support, Pp.12-13). Defendant Friedman Vartolo is wrong on both the facts and the law.

"The Rooker Feldman doctrine precludes federal consideration of cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments (citation omitted). It is a narrow doctrine, limited to cases where the complained-of injury stems directly

from the state court's proceedings" (*Talley v Horn*, 2025 U.S. App. LEXIS 7104 [3rd Cir. 2025]). The main purpose of the Rooker Feldman doctrine is to prevent federal district courts from exercising "appellate jurisdiction to reverse or modify a state-court judgment" (*Exxon Mobil Corp. v Saudi Basic Indus. Corp.*, 544 U.S. 280 [2005]). The doctrine applies when these four requirements are met: (1) the federal plaintiff lost in state court; (2) the federal plaintiff complains of injuries caused by the state court judgment; (3) that judgment was rendered before the federal suit was filed; and (4) the federal plaintiff is inviting the district court to review and reject the state judgments (*see Riotto v Fay Servicing, LLC*, 740 F.Supp.3d 400, 404 [USDC D.N.J. 2024]).

The recent District Court case of *Riotto, supra*, is particularly instructive to the within matter as it discussed the Rooker Feldman doctrine in the context of FDCPA claims brought in connection with an attempt to collect on a state court judgment, which arose from plaintiff's default on a mortgage loan. Plaintiff Riotto alleged that defendant debt collector violated the FDCPA by making misleading and inaccurate statements about the amount owed, seeking monies not authorized by the state court judgment (*see Riotto, supra*). Defendant filed a Rule 12(b)(6) motion to dismiss and argued that the District Court did not have jurisdiction to hear the case under the Rooker Feldman doctrine (*see Riotto, supra*). The *Riotto* Court ruled that the Rooker Feldman doctrine did not apply to plaintiff's FDCPA

claims because two of the four requirements for its application were not met: plaintiff *Riotto* did not allege that the state court judgment harmed him, but rather the defendant harmed him by seeking to collect monies not authorized by the state court judgment; and plaintiff Riotto is not seeking to have the District Court review and reject the state court judgment because his FDCPA claims are focused on what the underlying state court judgments authorized, not what it properly might have authorized (*see Riotto, supra*). The *Riotto* Court noted that its conclusion was consistent with other district courts around the country that found that the Rooker Feldman doctrine did not apply to bar claims where the alleged injury stemmed from collection practices used by debt collectors rather than from state court judgments (*see Riotto, supra*).

In the case at bar, plaintiff Kostopoulos does not ask this Court to review any state court judgments whatsoever, nor does she allege that she was injured in any way by a state court judgment. In fact, the case referenced by defendant Friedman Vartolo, a 2023 decision by the Superior Court of New Jersey, Appellate Division that plaintiff Kostopoulos is supposedly trying to relitigate here, is *Mortgage v Kostopoulos*, 2023 N.J. Super. Unpub. LEXIS 1890 (App. Div. 2023), wherein the Court noted that there were various the issues raised on appeal by Ms. Kostopoulos, including that "Wilmington lacked standing to bring the foreclosure action." Plaintiff Kostopoulos is not asking this Court to review or

relitigate this 2023 Appellate Division decision in any way shape or form. Additionally, plaintiff Kostopoulos complains of no injuries caused by this or any other state court judgment. Rather, plaintiff's injuries arise from defendant Friedman Vartolo's debt collection practices that violated various sections of the FDCPA, as noted herein. Accordingly, the Rooker Feldman doctrine does not apply (*see Riotto, supra*).

Defendant Friedman Vartolo next contends that plaintiff's claims are barred by New Jersey's Entire Controversy Doctrine because plaintiff Kostopoulos' claims in the within action are "expressly and entirely related to defendant's actions within the Foreclosure," and that plaintiff's issues raised in her Complaint here "all relate to the prosecution of that action [*i.e.,* the Foreclosure] and issues already adjudicated in that action" (*see* Friedman Vartolo's Memorandum of Law in Support, Pp.10,12). Once again, defendant Friedman Vartolo is wrong on both the facts and the law.

"The entire controversy doctrine is a New Jersey-specific doctrine that bars later-filed claims which a party could have asserted in a previous case (*citing Bank Leumi USA v Kloss*, 243 N.J. 218, 233 . . . [N.J. 2020]). New Jersey's entire controversy doctrine is 'an extremely robust claim preclusion device that requires adversaries to join all possible claims stemming from an event or series of events in one suit' (citation omitted). The doctrine bars a subsequent claim if the claim

'arise[s] from related facts or the same transaction or series of transactions' that were the subject of the previous suit (citation omitted)" (*Louis v Deshmukh*, 2022 U.S. Dist. LEXIS 133311 [USDC D.N.J. 2022]). It should be noted that the facts, the law and the reasoning set forth by the *Louis* Court are directly on point to the case at bar.

In *Louis, supra*, the case arose out of plaintiff's debt and the defendant law firm's debt collection efforts - efforts which are alleged to have violated Sections 1692e(2)(A) and 1692e(10) of the FDCPA by including an allegedly unlawful collection fee in the amount defendant sought to recover from plaintiff in a state court action. The *Louis* Court denied defendant's Rule 12(b)(6) motion to dismiss and in so doing, rejected defendant's argument that plaintiff's claims were barred by New Jersey's entire controversy doctrine, reasoning as follows:

> Here, the entire controversy doctrine does not bar Plaintiff's FDCPA claims against Defendant because they arise from different facts than Zuber's claims against Plaintiff in the State Court Action. Specifically, Zuber's claims in the State Court Action arose from Plaintiff's alleged failure to pay for medical services rendered by Zuber. In contrast, in the present action, Plaintiff's claims arise from Defendant's alleged use of false and misleading statements in the State Court Summons and Complaint. Courts in this district faced with similar factual circumstances have declined to apply the entire controversy doctrine (citations omitted). Thus, because the claims in the State Court Action and the claims in the present action arose from different facts, the entire controversy doctrine does not bar Plaintiff's FDCPA claims against Defendant.

(*Louis, supra*). Similarly, the entire controversy doctrine does not bar plaintiff

Kostopoulos' FDCPA claims against defendant Friedman Vartolo because defendant Nationstar's claims in the state court Pluries Writ of Execution action arose from plaintiff's alleged failure to pay her mortgage, while in the present federal court action, plaintiff's claims arose from defendant's use of false statements in its application for a Pluries Writ of Execution that was filed in order to sell plaintiff's residence at a sheriff's sale.

### D. Plaintiff Has Asserted Sufficient Facts Regarding Fed. R. Civ. P. 23's Requirements For Maintaining A Class Action Lawsuit In Order to Survive A Motion To Dismiss

Defendant Friedman Vartolo argues that plaintiff Kostopoulos has not identified an actual class, that plaintiff does not represent a class of litigants, that the Complaint is "unquestionably specific to the dispute between Plaintiff and Defendants," that plaintiff will never be able to prove the necessary prerequisites to class certification and that the Complaint should be dismissed "based on the Plaintiff's blatant failure to plead an actual class" (see Friedman Vartolo's Memorandum of Law in Support, Pp.8,10). Defendant Friedman Vartolo's arguments here are wrong both substantively on the facts and procedurally on the law.

Fed R. Civ. P. 23 sets forth the prerequisites to maintain a class action as follows: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the

25

representative parties are typical of the claims of the class; and (4) the representative parties will fairly and accurately protect the interests of the class. These requirements are frequently termed numerosity, commonality, typicality and adequacy of representation (*see Sadler v Target Corp.*, 2025 U.S. Dist. LEXIS 16615 [USDC D.N.J. 2025]).

Initially, it should be pointed out that dismissal of class action allegations at the pleading stage should be done rarely, and the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery (*see Duzanson-Baptiste v Bank Of Am. Corp.*, 2024 U.S. Dist. LEXIS 7912 [USDC D.N.J. 2024]); *see also Matson v SCO, Silver Care Operations, LLC*, 2018 U.S. Dist. LEXIS 29373 [USDC D.N.J. 2018]). Moreover, at this stage of the litigation, plaintiff Kostopoulos has plead sufficient facts to satisfy Rule 23(a), given that she has asserted that the class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New Jersey who defendants attempted to collect a debt from in violation of the FDCPA; she has asserted that there are questions of law or fact common to the class members, which predominate over questions affecting any individual class member' she has asserted that her claims are typical of the class, which all arise from the same operative facts and are based on the same legal theories; and she has asserted that she will fairly and adequately protect the

interest of the class and has retained experienced and competent attorneys to represent the class (*see* Complaint, ¶18) (*see Matson v SCO, Silver Care Operations, LLC*, 2018 U.S. Dist. LEXIS 29373 [USDC D.N.J. 2018] [under very similar assertions as plaintiff Kostopoulos above, the Court found that the complaint therein "sufficiently plead the requirements of Rule 23[a] to survive this Motion to Dismiss"]).

### E. Based Upon Plaintiff's Plausible And Valid FDCPA Claims As Set Forth In This Matter, Defendant's Request For Rule 11 Sanctions Is Meritless, And Should Be Denied In Its Entirety

The first glaring problem with defendant Friedman Vartolo's request for Rule 11 sanctions is that defendant fails to comply with the procedural requirements of Rule 11(c)(2), which states, in pertinent part, that a party must make a sanctions motion "separately from any other motion . . ." (*see Kennedy v ESQ Cap. III LLC*, 2024 U.S. Dist. LEXIS 74012 [USDC D.N.J. 2024] ["Procedurally, a motion for sanctions must be made separately from any other motion"]). Here, defendant Friedman Vartolo makes its request for Rule 11 sanctions as part of its motion to dismiss (*see* Friedman Vartolo's Memorandum of Law in Support, Pp.20-23), and thus failed to comply with the procedural requirements of Rule 11(c)(2) (*see Xuhai Li v Yun Zhang*, 2023 U.S. Dist. LEXIS 220712 [USDC D.N.J. 2023] [where defendants intermingled their request for Rule 11 sanctions with additional requested dispositive relief, this substantive

commingling of issues and various requests for relief violates the procedural guidelines prescribed in Rule 11(c)(2)]). Some courts in this Circuit have denied applications for sanctions on this basis (*see Metro. Life Ins. Co. v Kalenevitch*, 502 Fed. Appx. 123, 124-125 [3rd Cir. 2012] [sanctions motion denied, in part, because defendant did not present her sanctions motion separately from her motion for judgment on the pleadings]; *Louis v Deshmukh*, 2022 U.S. Dist. LEXIS 133311 [USDC D.N.J. 2022]).

Additionally, defendant Friedman Vartolo's request for sanctions lacks any merit, given that plaintiff Kostopoulos has presented plausible and valid FDCPA claims against defendant as set forth herein, and thus there is nothing that is even discernibly frivolous or abusive about plaintiff's claims in this matter (*see Zia Hassan Shaikh v New Jersey*, 2025 U.S. Dist. LEXIS 81882 [USDC D.N.J. 2025] [Rule 11 sanctions are only warranted in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous and amounts to an abuse of the legal system]).

## CONCLUSION

Plaintiff, Athena Kostopoulos, respectfully requests that this Court deny defendant Friedman Vartolo's motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), because she has asserted viable and plausible causes of action

(which are based upon defendant Friedman Vartolo's violations of various sections of the FDCPA), upon which relief should be granted.

Dated: July 6, 2025

Respectfully submitted,

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

*Attorneys for Plaintiff*