<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATHENA KOSTOPOULOS, on behalf of herself and others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER and FRIEDMAN VARTOLO, LLP, and JOHN DOES 1- 25,<br><br>*Defendants*. | Civil Action No. 25-2859<br><br>**OPINION**<br><br>December 29, 2025 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendant Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Nationstar") and Defendant Friedman Vartolo, LLP's ("Friedman"; collectively, "Defendants") motions to dismiss Plaintiff Athena Kostopoulos's ("Plaintiff") Complaint (ECF 1, "Compl."). (ECF 12, "FV Mot."; ECF 18, "NS Mot.") Plaintiff opposed the motions. (ECF 19, "Opp. I"; ECF 20, "Opp. II".) Defendants filed reply briefs, respectively. (ECF 21, "FV Reply"; ECF 22, "NS Reply".) The Court has decided these motions upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendants' motions to dismiss are **GRANTED**.

**I.     <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]</u>**

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1) and documents integral or relied upon by the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The Court may consider publicly recorded documents and documents referenced in the Complaint as part of the motion to dismiss without converting it into a motion for summary judgment. *See PBGC v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

1

This lawsuit is Plaintiff's latest attempt to relitigate a foreclosure action involving her property located in Paramus, New Jersey (the "Property"). That foreclosure action has been the subject of various state, federal, and bankruptcy proceedings over the past ten years. Given the extensive factual history, this Court provides a condensed version of the facts necessary to decide the present suit.

On September 16, 2003, Plaintiff and her husband Thomas Kostopoulos executed a promissory note for a residential mortgage loan from Lehman Brothers Bank, FSB in the amount of $564,000. (Compl. ¶ 23.) Plaintiff defaulted on the mortgage in July 2006. (*Id.* ¶ 32.) Over the years, the mortgage was assigned multiple times to various entities, including CitiMortgage, Inc., Wilmington Trust Company, Defendant Nationstar Mortgage LLC, U.S. Bank National Association, and ultimately to Wilmington Savings Fund Society, FSB, as Trustee for the Residential Credit Opportunities Trust VI-A on March 21, 2023. (*Id.* ¶¶ 31, 33-36, 38, 40, 51.)

On January 20, 2015, a foreclosure action was initiated in the Superior Court of New Jersey Chancery Division, Bergen County. (*Id.* ¶ 37.) On December 10, 2015, the Chancery Division granted summary judgment and entered default against Plaintiffs for failing to pay the underlying loan, dismissing their counterclaims with prejudice. (ECF 18-7, "Ex. E".) On June 22, 2018, the Chancery Division entered final judgment in favor of Nationstar in the amount of $1,063,755.67 plus interest and costs, and granted Nationstar a writ of execution to carry out the judgment of foreclosure. (ECF 18-12, "Ex. J".) Subsequent motions to vacate the final judgment were denied,[2]

---

[2] Plaintiff moved to vacate the final judgment and dismiss the foreclosure complaint for lack of standing and "perpetrating a fraud upon the Court" (ECF 18-13, "Ex. K"), but on November 7, 2018, the Chancery Division denied her motion to vacate and dismiss the foreclosure complaint. (ECF 18-14, "Ex. L".)

2

and appeals were unsuccessful.[3]

On February 7, 2020, Plaintiff filed a Chapter 11 bankruptcy proceeding, resulting in an automatic stay of the sheriff's sale of the Property that had been scheduled for that very same day. *See Kostopoulos v. Wilmington Sav. Fund Soc'y FSB*, No. 24-06215, 2025 WL 339274, at *1 (D.N.J. Jan. 29, 2025).[4] On October 27, 2020, the Honorable Vincent F. Papalia dismissed Plaintiff's Chapter 11 petition and implemented a one-year ban on refiling because of Plaintiff's representations to the court that she could securing financing, including a $500,000 loan from family, to cure the default, but no proof of funds or plan of payment ever materialized. (ECF 18-20, "Ex. R".) Motions to stay the sheriff's sale were granted on several occasions, delaying the sale of the Property from January 2019 to October 2022. *See Kostopoulos*, 2025 WL 339274, at *1.

The Chancery Division ordered the sheriff's sale to proceed on October 14, 2022, and on October 13, 2022, Plaintiff filed a second bankruptcy petition under Chapter 13.[5] (ECF 18-23, "Ex. U.") The Bankruptcy Court dismissed the Chapter 13 petition with prejudice on May 7, 2024, finding that Plaintiff has not prosecuted the petition in good faith and had caused an unreasonable delay that was prejudicial to creditors. (ECF 18-28, "Ex. Z".) The Honorable Susan D. Wigenton

---

[3] On September 20, 2019, the Appellate Division affirmed the final judgment entered against Plaintiff and her husband. *Nationstar Mortgage, LLC v. Kostopoulos*, No. A-1532-18 at 9 (App. Div. Sept. 20, 2019) ("Nationstar's entitlement to foreclose is sufficiently clear to uphold the final judgment.")

[4] In the order to show cause issued in the Chapter 11 proceedings, the Bankruptcy Court wrote that "it appear[s] that [Plaintiff] filed this voluntary 11 case . . . to stay the Sheriff's Sale" of the Property. (ECF 18-19, Order to Show Cause, "Ex. Q").

[5] The Chapter 13 petition triggered another automatic stay of the sheriff's sale. (*See* NS Mot. at 9.) As of January 29, 2025, the sheriff's sale has been stayed indefinitely as a result of the filing of a new bankruptcy action by Plaintiff's husband, Thomas Kostopoulos. *See Kostopoulos,* 2025 WL 339274, at *1 n.1.

3

affirmed the Bankruptcy Court's order in its entirety on January 29, 2025. *See Kostopoulos,* 2025 WL 339274, at *3.

On July 23, 2021, the Chancery Division granted Defendant Nationstar's motion for an alias writ of execution to assign its servicing rights of the mortgage.[6] (*See* ECF 18-24, "Ex. V".) In its written decision, the court rejected Plaintiff's argument that Nationstar did not have standing to foreclose on the property. (Ex. V at *3) ("[Nationstar] has, at all times during this litigation, demonstrated standing to foreclose on the note and the mortgage by showing it has been in possession of the original [n]ote and the supporting loan documents.") On October 24, 2023, the Appellate Division affirmed the Chancery Division's order, finding "[t]here is no dispute here that Nationstar held a validly assigned mortgage" and rejecting Plaintiff's argument that Nationstar had violated the Consumer Fraud Act, *see* N.J. Stat. Ann. 56:8-2. (*Id.* at *7, 11.)

On June 6, 2024, Defendant Friedman Vartolo applied for a pluries writ of execution in the foreclosure action on behalf of Nationstar, which was entered on June 11, 2024 (ECF 18-30, "Ex. BB".) On September 26, 2024, the Chancery Division denied Plaintiff's motion to vacate the pluries writ, holding that Plaintiff was estopped from arguing that Nationstar lacks standing to foreclose. (ECF 18-31, "Ex. CC".)

On April 18, 2025, Plaintiff filed the instant Complaint on behalf of herself and others similarly situated, alleging that Defendants had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. (Compl. ¶ 2.) In lieu of an answer, Defendants each moved to dismiss Plaintiff's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure

---

[6] On October 21, 2021, the Chancery Division denied Plaintiff's motions to vacate and for reconsideration, which sought to quash the alias writ of execution and dismiss the foreclosure action. (*See* ECF 18-24, "Ex. V" at *4.)

4

12(b)(6) and lack of standing under 12(b)(1), both arguing that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and the New Jersey Entire Controversy Doctrine. (*See generally* FV Mot.; NS Mot.) Defendants also argue that Plaintiff has failed to identify an actual class that meets the requirements under Federal Rule of Civil Procedure 23. (FV Mot. at 8-10; NS Mot. at 33-36.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1) Standard

"A motion to dismiss for want of standing is [] properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007); *see also Const. Party of Penn. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). In a facial attack, as Defendant Nationstar brings here, the court considers only the allegations in plaintiff's complaint and "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." *Const. Party of Penn.*, 757 F.3d at 358. A plaintiff bears the burden of establishing in the complaint that she has standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

### B. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly*

*v. Lane Const. Corp.,* 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A claim that sets forth "labels and conclusions" or "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 555 U.S. at 678 (cleaned up).

### III.  ANALYSIS

Defendants argue that this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. It is well-settled that "the *Rooker-Feldman* Doctrine provides that district courts do not have jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *VU Urb. Renewal A, LLC v. Lewis*, No. 22-6773, 2022 WL 17722881, at *1 (D.N.J. Dec. 15, 2022) (quoting *Vuyanich v. Smithton Borough*, 5 F.4th 379, 384 (3d Cir. 2021)). Claims that are "in essence an attack on the state court judgment of foreclosure" must be dismissed under the *Rooker-Feldman* doctrine. *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013)

Four requirements must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff

is inviting the district court to review and reject the state judgments. *See Great W. Mining and Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original) (quoting *Exxon Mobil Corp.*, 544 U.S. 280, 284 (2005)).

Plaintiff brings three claims under the FDCPA, alleging in Count One that "Defendants falsely represented the character and legal status of the Plaintiff's mortgage when NATIONSTAR and FRIEDMAN filed a request for a PLURIES WRIT OF EXECUTION in order to sell Plaintiff's residence at a sheriff's sale and strip Plaintiff of approximately $500,000 in home equity." (Compl. ¶ 74.) In Count Two, Plaintiff asserts that "Defendants violated 15 U.S.C. §1692e(5) by threating to complete the foreclosure process by taking Plaintiff's residence to a sheriff's sale regardless of the fact that NATIONSTAR had no interest in the debt, no servicing rights, and no authority to act on behalf of the current owner of the obligation." (*Id.* ¶ 83.) Finally, Plaintiff contends in Count Three that "Defendants violated 15 U.S.C. §1692e(10) by falsely representing that NATIONSTAR was the owner of the mortgage on June 6, 2024, when in fact MTGLQ Investors, L.P. extinguished NATIONSTAR's involvement with Plaintiff's Note, Mortgage, Mortgage Loan Account, Final Judgment of Foreclosure, and Property" three years earlier, on May 5, 2021. (*Id.* ¶ 89.)

The *Rooker-Feldman* doctrine unequivocally applies here. Plaintiff's Complaint hinges on her assertion that "as of May 6, 2021, NATIONSTAR's involvement with Plaintiff's Note, Mortgage, Mortgage Loan Account, Final Judgment of Foreclosure, and Property was extinguished" and that "[f]rom this date forward, Nationstar no longer held any legal interest in or authority over Plaintiff's Mortgage Loan Account." (Compl. ¶ 48.) This is directly contradicted by the Chancery Division's opinion dated July 23, 2021, stating that Nationstar "has, at all times during this litigation, demonstrated standing to foreclose on the note and the mortgage by showing it has been in possession of the original [n]ote and the supporting loan documents" (Ex. V at *3),

7

as well as the Appellate Division's affirmation of the lower court's decision two years later (*see id.* at *7.)

Plaintiff's claim that Nationstar did not have an interest in the note has been rejected by every state, federal, and bankruptcy court judge who has exercised jurisdiction over this foreclosure action.  To the contrary, courts have continuously found that Nationstar properly held title to the mortgage and had standing to pursue foreclosure.  Since June 22, 2018, when the Chancery Division issued a writ of execution to Nationstar to carry out the foreclosure, Plaintiff has appealed or moved to vacate each unfavorable decision.  Plaintiff has failed at every attempt to invalidate the multiple state court decisions entering judgment in Defendant Nationstar's favor. Plaintiff has not once successfully convinced a court that Nationstar lacked standing to pursue foreclosure. In an attempt to delay the sheriff's sale of the Property, Plaintiff even filed unsubstantiated bankruptcy proceedings, which were subsequently dismissed and lost on appeal.

The present lawsuit is Plaintiff's latest attempt to relitigate the June 2018 state court decision permitting Nationstar to foreclose on the Property.  However, "[t]he Third Circuit has explicitly held that federal courts are barred by the *Rooker-Feldman* doctrine from providing relief that would overturn a state court foreclosure decision." *Perez v. Seterus, Inc.,* No. 17-5862, 2017 WL 5513687, at *3 (D.N.J. Nov. 16, 2017) (citing *Gage*, 521 F. App'x at 51 ("[A plaintiff] cannot evade *Rooker–Feldman* by arguing on appeal that he was not injured by the foreclosure judgment, but rather by [Defendant]'s purportedly fraudulent actions.")).  "Specifically, there is no authority for this Court to interfere with the propriety of state court proceedings or judgments, including the future or past foreclosure of property." *Anderson v. Stern & Eisenberg, P.C.*, No. 24-11198, 2025 WL 1505327, at *3 (D.N.J. May 27, 2025).

8

Thus, all four requirements of the *Rooker-Feldman* doctrine are met: Plaintiff lost in state court; the Complaint alleges injuries caused by the adverse state-court judgments, which were rendered before this instant suit was filed, and Plaintiff is inviting the district court to review and reject the state-court judgments in his foreclosure action. *See Great W. Mining*, 615 F.3d at 166 (3d Cir. 2010). Therefore, this Court lacks subject matter jurisdiction and must dismiss the Complaint because "[a]djudicating Plaintiff's claims would require this Court to impermissibly engage in appellate review of the foreclosure action." *Perez*, 2017 WL 5513687, at *3. Accordingly, the Court need not reach Defendants' other arguments in support of its motions to dismiss, since it lacks subject matter jurisdiction to hear this dispute.

IV.  **CONCLUSION**

For the reasons stated above, Defendants' motions to dismiss (ECF 12, ECF 18) are **GRANTED**. Plaintiff's Complaint (ECF 1) is **DISMISSED** with prejudice. *See Anderson*, 2025 WL 1505327, at *5 (dismissing claims with prejudice under the *Rooker-Feldman* doctrine). An appropriate Order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Jose R. Almonte, U.S.M.J.
       Parties

9